James M. MALONEY, pro se and qui tam on behalf of the Sovereign People of the United States, Plaintiff/Relator–Appellant,

v.

Robert L. KING, in his official capacity as Chancellor of the State University of New York; Thomas F. Egan, Erland E. Kailbourne, Bernard F. Conners, Edward F. Cox, Randy A. Daniels, Candace De Russy, Lou Howard, Pamela R. Jacobs, Nicole Kim, Edward S. Nelson, Celine R. Paquette, Paul R. Perez, Nelson A. Rockefeller, Jr., Patricia E. Stevens, Celine Traylor, and Harvey F. Wachsman, in their official capacities as members of the Board of Trustees of the State University of New York; and David C. Brown, in his official capacity as President of the State University of New York Maritime College at Fort Schuyler, Defendants–Appellees.

No. 00–7913.

United States Court of Appeals, Second Circuit.

May 15, 2001.

James M. Maloney, Port Washington, NY, pro se.

Mark Gimpel, Assistant Solicitor General; Elliot Spitzer, Attorney General for the State of New York, on the brief, Thomas B. Litsky, Assistant Solicitor General, of counsel, New York, NY, for appellees.

Present NEWMAN, CABRANES, Circuit Judges, UNDERHILL, District Judge.*

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the order of said District Court be and it hereby is AFFIRMED.

James M. Maloney, an attorney, appearing *pro se*, appeals from a *sua sponte* order of the District Court entered June 6, 2000, dismissing his action for lack of subject matter jurisdiction.[1] Maloney brought suit on behalf of himself under 42 U.S.C. § 1983 and *qui tam* on behalf of the United States against various officials of the State University of New York ("SUNY"). His amended complaint alleges, *inter alia*, that SUNY's plan to admit students to the Maritime College at Fort Schuyler ("the College") who do not intend to enter the cadet corps or obtain a license will cause the school's property to revert back to the United States since the 1950 act conveying the land at Fort Schuyler from the United States to New York State for use as a "maritime school" stipulates that the property shall revert if the College ceases to be "devoted exclusively to purposes of nautical education." According to Maloney, this reversion will cause irreparable harm to him—as a citizen of the United States who has the right to have the property at Fort Schulyer maintained as a maritime school, an alumnus of the College, and a father whose infant male sons will someday be eligible to attend the College—and to the people of the United States.

The District Court properly concluded that Maloney lacks standing to bring his suit since, in his individual capacity, he has not alleged a sufficient injury-in-fact. *See Innovative Health Systems, Inc. v. City of White Plains*, 117 F.3d 37, 46 (2d Cir.1997). With regard to his *qui tam* action, the District Court properly concluded that Maloney has neither a common law nor a statutory right to sue on behalf of the United States.

For the reasons set forth above, the order of the District Court is hereby AFFIRMED.

---

* Of the United States District Court for the District of Connecticut, sitting by designation.

1. Appellate jurisdiction exists despite the fact that a separate judgment was not entered. *See Selletti v. Carey*, 173 F.3d 104, 109–10 (2d Cir.1999) ("Where an order appealed from clearly represents a final decision and the appellees do not object to the taking of an appeal, the separate document rule is deemed to have been waived and the assumption of appellate jurisdiction is proper.") Accordingly, we have jurisdiction over the appeal of the June 6, 2000 order.